# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 3, 2021

Lyle W. Cayce
Clerk

No. 20-10548
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

John Ray Cheek,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CR-157-1

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

John Ray Cheek pleaded guilty to bank robbery and using, carrying, and brandishing a firearm during or in relation to a crime of violence. The district court sentenced him to 57 months in prison for bank robbery and 84

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10548

months in prison for using a firearm, to run consecutively, and a three-year term of supervised release.

Cheek filed a motion for compassionate release or home confinement under 18 U.S.C. § 3582(c)(1)(A) and the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), which the district court denied. A district court's decision to deny a prisoner's motion for compassionate release is reviewed for an abuse of discretion. *United States v. Thompson*, 984 F.3d 431, 431 (5th Cir. 2021); *United States v. Chambliss*, 948 F.3d 691, 693 & n.2 (5th Cir. 2020).

Cheek fails to address the district court's determination that it was not authorized to release him to home confinement under the CARES Act. Accordingly, Cheek has abandoned any challenge to the district court's determination regarding the CARES Act. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (holding that an appellant abandons a claim on appeal when he fails to identify any error in the district court's analysis). As to Cheek's argument that he is entitled to compassionate release under § 3582(c)(1)(A) due to the extraordinary and compelling circumstances COVID-19 poses in a prison setting, his argument is without merit. This court recently determined that generalized fear of COVID-19 does not automatically entitle a prisoner to release. *See Thompson*, 984 F.3d at 431. Thus, the district court did not abuse its discretion in denying the motion for compassionate release. *See id.* The judgment is therefore AFFIRMED.